United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51198
Summary Calendar

UNITED STATES OF AMERICA

Petitioner - Appellee

v.

REAL PROPERTY, Located at 1709 Mitchell Jones, El Paso, Texas
with all Buildings, Appurtenances and Improvements Thereon

Respondent - Appellant

GUADALUPE JIMENEZ

Claimant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CV-47
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:*

Maria Guadalupe Jimenez appeals the district court's
judgment of forfeiture of her residence at 1709 Mitchell Jones in
El Paso, Texas.  We affirm.

Jimenez first argues that the district court's factual
findings regarding her previous use of the residence for drug
trafficking are clearly erroneous.  Jimenez, who pleaded guilty

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a drug trafficking offense after she was stopped on the Bridge of the Americas while driving a vehicle laden with cocaine, testified that she did not intend to take the vehicle to her residence, and she maintained that she had never taken vehicles containing drugs to her residence previously. The district court determined, contrary to Jimenez's testimony, that she had taken narcotics-laden vehicles to her home on previous occasions, that she had used the property to store her purse, which contained information on her drug co-conspirators, and that she had entertained drug conspirators at her residence.

Factual findings based on determinations regarding the credibility of witnesses are entitled to deference. See Dardar v. Lafourche Realty Co. Inc., 985 F.2d 824, 827 (5th Cir. 1993). Considering testimony regarding Jimenez's statements and photographs supplied by Jimenez, as well as the district court's adverse credibility determination, the district court's findings are plausible in light of the record as a whole and are not clearly erroneous. See id.; United States v. Calbat, 266 F.3d 358, 364 (5th Cir. 2001).

Jimenez also argues that, even if the facts found by the district court are employed, the district court erred as a matter of law in its determination that the facts provide a legal basis for civil forfeiture. Considering the district court's factual findings, the Government established by a preponderance of the evidence that the residence was subject to forfeiture. See

18 U.S.C. §§ 983(c); 21 U.S.C. § 881(a)(7); United States v. Melrose East Subdivision, 357 F.3d 493, 500 (5th Cir. 2004). Jimenez has not shown error.

Finally, Jimenez argues that the amount of the forfeiture is grossly disproportional to the gravity of the offense, and thus constitutes an excessive fine under the Eighth Amendment. Because Jimenez did not raise this argument in the district court, we review for plain error only. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1424 (5th Cir. 1996) (en banc). Under the plain error standard, Jimenez bears the burden of showing: (1) there is an error, (2) that is clear or obvious, and (3) that affects her substantial rights. See United States v. Olano, 507 U.S. 725, 731-37 (1993).

A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. See United States v. Bajakajian, 524 U.S. 321, 334 (1998). Here, considering the value of the forfeited interest in the property in relation to the gravity of Jimenez's offense, we are satisfied that the forfeiture is not a violation of the Excessive Fines Clause. See id. at 337-38; United States v. Wallace, 389 F.3d 483, 487 (5th Cir. 2004). Jimenez has failed to show plain error.

AFFIRMED.